RECEIVED
IN LAKE CHARLES, LA.

OCT ‑ 2 2014

TONY R. MOORE, CLERK
BY _____
            DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| JAMES AUSTIN GUTHRIE, ET AL. | * | CIVIL ACTION NO. 2:12-CV-1904 |
| | * | |
| **Plaintiffs** | * | |
| | * | |
| V. | * | **JUDGE MINALDI** |
| | * | |
| PLAINS RESOURCES, INC., ET AL. | * | |
| | * | |
| **Defendants** | * | **MAGISTRATE JUDGE KAY** |

*************************************************************************

## MEMORANDUM RULING

Before the court is the Motion for Partial Summary Judgment [Doc. 54], filed by the

defendant, Vulcan Energy Corporation (Vulcan), as successor-in-interest to and on behalf of

Plains Resources, Inc. (Plains), and the Ballard & Cordell Corporation.[1] For the following

reasons, the Motion [Doc. 54] is hereby **GRANTED**.

## FACTS & PROCEDURAL HISTORY

James Austin Guthrie and William Earl Guthrie (plaintiffs) filed suit on July 15, 2011,

against Plains, Wiley P. Ballard, Jr., the Estate of Wiley P. Ballard, Jr., Robert A. Mosbacher,

Sr., the Estate of Robert A. Mosbacher, Sr., Mosbacher Energy Company, Smith Production

Company of Mississippi, and Premier Energy Partners, L.L.C. (collectively, defendants), in the

38th Judicial District Court for the Parish of Cameron, Louisiana.[2] The plaintiffs' petition

alleges that their property has been contaminated or otherwise damaged by the oil and gas

exploration of the various defendants.[3] The subject property, located in Cameron Parish,

---

[1] *See* Pet. [Doc. 1-5], at ¶ 4. *See also* Letter from Keith Prudhomme to David McCrory, Dec. 20, 2013 [Doc. 56], at
1. Any reference to "Vulcan" throughout shall refer also to both Plains and the Ballard & Cordell Corporation.
[2] Pet. [Doc. 1-5], at ¶¶ 1-4.
[3] Pet. [Doc. 1-5], at ¶ 2. *See also* Pet. [Doc. 1-5], at ¶ 6 (wherein the plaintiffs allege that the
    Defendants conducted, directed, controlled or participated in various oil and gas exploration and
    production activities on the plaintiffs' property as operators, and/or working interest owners, and/or
    mineral or surface lessees, and/or mineral or surface lease assignees, and/or mineral sublessees, and/or

1

Louisiana, is described as "all of the property that [the plaintiffs] own or may own in Section 36 and Section 37, Township 15 South, Range 10 West and in Irregular Sections 4 and 5, Township 15 South, Range 9 West, regardless of whether said property is specifically described in this petition."[4]

The plaintiffs filed suit seeking recovery under several theories of liability, including fraud, breach of contract, trespass, nuisance, Louisiana Civil Code articles 486, 576, 577, 645, 667, 2315, former 2315.3, 2317, 2322, 2683, 2688, and 2692; Mineral Code articles 22, 128, and 129; and Louisiana Revised Statutes §§ 30:29 and 31:122.[5]  On July 13, 2012, the defendants removed the case to federal court, pursuant to the court's diversity subject matter jurisdiction under 28 U.S.C. § 1332.[6]

On June 7, 2013, the court issued a Judgment [Doc. 47] and accompanying Memorandum Ruling [Doc. 46] addressing a prior Motion to Dismiss [Doc. 37] that had been filed by Mosbacher Energy Company, and Robert A. Mosbacher, Jr., in his capacity as a representative of the estate of Robert A. Mosbacher, Sr. (the Mosbacher defendants).  The court therein dismissed the plaintiffs' claims for fraud as to all of the defendants, without prejudice.[7]  The court also dismissed all but one of the plaintiffs' claims for punitive damages pursuant to former Louisiana Civil Code article 2315.3, stating that, "aside from well serial number 216730 which was operated by Smith Production Company during the period that article 2315.3 was in effect, the plaintiffs' claims for punitive damages under 2315.3 should be dismissed with prejudice."[8]

---

servitude, executive interest or other mineral interest owners, and/or personal or predial servitude owners.).
[4] Pet. [Doc. 1-5], at ¶ 2.
[5] *See* Memo. Ruling [Doc. 46], at 3-4; Pet. [Doc. 1-5], at ¶¶ 14-15, 17-37, 41, 43-47.
[6] *See generally* Not. of Removal [Doc. 1].
[7] J. [Doc. 47].
[8] Memo. Ruling [Doc. 46], at 20.  *See also* J. [Doc. 47].

On December 4, 2013, Vulcan filed the Motion for Partial Summary Judgment [Doc. 54] that is presently before the court.

The Section 36 wells comprise well numbers 83649, 85915, 89275, 117980, 120154, 216730, and 228222 (Section 36 wells).[9] The Section 37 wells consist of well numbers 82660 and 83605, and these wells were allegedly operated by Wiley P. Ballard and the Ballard and Cordell Corporation, the latter of which Vulcan is the successor-in-interest .[10] The alleged activities at these nine well sites are the basis for the plaintiffs' allegations.[11]

Vulcan's Motion [Doc. 54] seeks a grant of partial summary judgment on 1) the plaintiffs' tort claims[12] arising out of the operation of the Section 36 wells, and 2) the plaintiffs' claims for punitive damages pursuant to Civil Code article 2315.3.[13] On December 20, 2013, a letter from the plaintiffs' counsel to counsel for Vulcan was filed into the record, in which the plaintiffs' counsel states as follows:

> Based upon the fact that: 1) the Ballard and Cordell Corporation is the predecessor-in-interest of Plains Resources, Inc. and Plains is the predecessor-in-interest of Vulcan; and 2) based on the fact that Vulcan is not the successor-in-interest for Wiley P. Ballard, Jr., this is to advise that Plaintiffs will not oppose your client's very limited Motion for Partial Summary Judgment on the issue of operations relative to Well No. 83649 and the issue of punitive damages as it relates to historical operations as to Well Nos. 82660 and 83605.[14]

The plaintiffs have filed no other opposition or response to Vulcan's motion, and on December 26, 2013, Vulcan filed a Reply [Doc. 58] which simply clarifies that Vulcan seeks the dismissal of all of the tort claims associated with the Section 36 wells, not just well no. 83649.[15]

---

[9] *See* Aff. of Gregory C. Neely [Doc. 54-1], at ¶ 3.
[10] *See id.; see also* Pet. [Doc. 1-5], at ¶ 5.
[11] Pet. [Doc. 1-5], at ¶ 5.
[12] Vulcan explicitly notes that its Motion [Doc. 54] does not address any issues of contractual liability. Memo. in Supp. [Doc. 54-2], at 3. As such, the plaintiffs' contractual claims will not be discussed herein.
[13] *See generally* Memo. in Supp. [Doc. 54-2], at 7-18.
[14] Letter from Keith Prudhomme to David McCrory, Dec. 20, 2013 [Doc. 56], at 1.
[15] Reply [Doc. 58], at 1-2.

## LAW & ANALYSIS

A grant of summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). *See also* FED. R. CIV. P. 56(a). Summary judgment shall be entered, "after adequate time for discovery and upon motion, against a party who fails . . . to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Curtis v. Anthony*, 710 F.3d 587, 594 (5th Cir. 2013) (citation omitted). In assessing such a motion, a district court shall view the facts and evidence presented "in the light most favorable to the non-moving party." *Atkins v. Salazar*, 677 F.3d 667, 678 (5th Cir. 2011) (*citing Breaux v. Halliburton Energy Servs.*, 562 F.3d 358, 364 (5th Cir. 2009)). "After the movant has met its initial burden of demonstrating the absence of a genuine issue of material fact, in order to defeat summary judgment, the nonmoving party must 'designate specific facts showing that there is a genuine issue for trial.'" *Carner v. La. Health Serv. & Indem. Co.*, 442 Fed. Appx. 957, 960 (5th Cir. 2011) (*citing Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (additional citation omitted)). The nonmovant may not satisfy this burden with "'some metaphysical doubt as to the material fact,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Id.* (citations omitted). The Fifth Circuit has stated that "the court does not, 'in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts.'" *Id.* (citation omitted).

The plaintiffs' letter only partially addresses the relief requested in Vulcan's motion.[16] Nevertheless,

> [i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
> (1) give an opportunity to properly support or address the fact;
> (2) consider the fact undisputed for purposes of the motion;
> (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or
> (4) issue any other appropriate order.

FED. R. CIV P. 56(e).

As to punitive damages, Vulcan's motion seeks dismissal, with prejudice, of the plaintiffs' claims against it for punitive damages pursuant to former Louisiana Civil Code article 2315.3.[17] Although the court's prior Memorandum Ruling [Doc. 46] addressed this issue, Vulcan has, out of an abundance of caution, sought a separate ruling from the court confirming that the plaintiffs' claims for punitive damages against Vulcan have indeed been dismissed, as the prior ruling did not mention Vulcan by name. As the plaintiffs have submitted no evidence or argument which would give the court reason to reconsider its prior ruling on this matter, and for the reasons set forth in the prior ruling[18] of the court,

**IT IS ORDERED** that Vulcan's Motion for Partial Summary Judgment [Doc. 54] be and hereby is **GRANTED** insofar as it seeks the dismissal, with prejudice, of the plaintiffs' claims against it for punitive damages.

Vulcan's motion further seeks the dismissal of the plaintiffs' tort claims in relation to all of the wells located in Section 36.[19] The plaintiffs' letter states only that the plaintiffs do not oppose the motion as to well no. 83649, one of the seven Section 36 wells, but, curiously, does

---

[16] *See generally* Letter from Keith Prudhomme to David McCrory, Dec. 20, 2013 [Doc. 56], at 1.
[17] *See* Memo. in Supp. [Doc. 54-2], at 4.
[18] *See* Memo. Ruling [Doc. 46], at 17-20.
[19] Memo. in Supp. [Doc. 54-2], at 3.

not speak to the other wells in question.[20]  Vulcan, however, has submitted affidavit evidence

indicating that neither Vulcan nor any of its predecessors-in-interest have at any time possessed

an interest in, or conducted activities in connection with, any of the Section 36 wells.[21]

According to the affidavit of Gregory C. Neely—who is contracted as a landman with Beta Land

Services, L.L.C., an oil and gas abstracting firm—state records offer no indication that Vulcan or

its predecessors-in-interest have at any time conducted operations on, possessed, or had

operational control of facilities or equipment with respect to the Section 36 wells.[22]

In summarizing the plaintiffs' claims, Vulcan has stated that the "Plaintiffs have alleged

tort liability against [it] under various theories, including [Louisiana Civil Code articles] 667,

2315, 2317 and 2322 as well as non-specific references to the Louisiana Mineral Code and the

failure to act as a prudent administrator."[23]  The plaintiffs offer nothing in the way of opposition,

nor do they offer any evidence in contradiction of Vulcan's assertions.  The court finds a detailed

and lengthy analysis of the myriad tort claims contained in the plaintiffs' twenty page petition[24]

unnecessary given the complete lack of evidence submitted or argument in opposition to

Vulcan's motion.  Accordingly, and pursuant to the provisions of Federal Rule of Civil

Procedure 56(e)(3),

**IT IS ORDERED** that, insofar as Vulcan seeks a grant of summary judgment in its favor

as to all of the plaintiffs' tort claims asserted against it in the above captioned matter in

---

[20] *See generally* Letter from Keith Prudhomme to David McCrory, Dec. 20, 2013 [Doc. 56], at 1.
[21] *See generally* Aff. of Gregory C. Neely [Doc. 54-1].
[22] *Id.*
[23] Memo. in Supp. [Doc. 54-2], at 7.
[24] *See generally* Pet. [Doc. 1-5].

connection with the operation of the Section 36 wells only, Vulcan's Motion [Doc. 54] be and

hereby is **GRANTED**.

Lake Charles, Louisiana, this 4 day of _____, 2014.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

7